**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAMILE HUNTER | : | |
| | : | |
| Appellant | : | No. 758 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 22, 2020,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0001040-2019.

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED DECEMBER 8, 2020**

Kamile Hunter appeals from the judgment of sentence, imposing one to two years' incarceration after a jury convicted him of terroristic threats.[1]  He challenges the trial court's refusal to strike a potential juror.  Because Hunter disregarded our standard of review, we affirm.

On January 24, 2019, Hunter and his then-girlfriend had an argument in their home.  During the exchange, Hunter threatened to kill her, her child, and her father.  *See* Trial Court Opinion, 4/22/2020, at 1-4.

The Commonwealth charged Hunter with various crimes of domestic violence, including terroristic threats.[2]  During jury selection, one of the potential jurors indicated that the domestic nature of the case would affect

---

[1] 18 Pa.C.S.A. § 2706(a)(1).

[2] The jury acquitted him of the other, related charges.

her ability to be fair. When the trial court questioned her regarding this, the juror explained that she and her husband had been separated for four months because of domestic abuse. He had severely injured and hospitalized her.

The court then asked, "Can you, for this case, put that aside, and can you listen to the evidence you hear here?" *Id.* at 10 (quoting N.T., 11/4/19, at 42-44).

She replied, "I mean, you heard me. I do healthcare compliance for a living. I have to put things aside every day and look at the nature of fact. So I am able to do that." *Id.* (court's affirmations of comprehension omitted).

Next, Hunter moved to strike her. The trial court denied that request, because, as the trial court opined from the bench, the juror had "said she was willing to put that aside." *Id.* Moreover, the trial court agreed with the Commonwealth that "she said she could be fair and impartial . . . ." *Id.*

The challenged juror joined the jury, which convicted Hunter. The trial court sentenced him as described above, and this timely appeal followed.

Hunter frames the issue on appeal as "Whether the [trial] court **erred** in overruling [his] objection to jury panelist 12 and failing to excuse [her] for cause, [because] she initially indicated she would have a problem with the nature of the case and that she had been in the hospital 16 weeks as a result of being knocked unconscious as a victim of domestic abuse . . . ." Hunter's Brief at 7 (emphasis added). In other words, Hunter asks us whether the trial court made a correct decision when it refused to strike the juror for cause.

That is not the inquiry when an appellant attacks a refusal to strike a juror. Instead, the issue is whether the refusal to strike was a "palpable abuse of discretion." *Commonwealth v. Cox*, 983 A.2d 666, 682 (Pa. 2009); *see also Shinal v. Toms*, 162 A.23d 429, 441-42 (Pa. 2017) (explaining that, if the potential juror does not have a relationship with either party, we review for an abuse of discretion and give great deference to the trial court).

Hunter acknowledges this highly deferential standard of review, but he does not define it. *See* Hunter's Brief at 5. Thus, Hunter's argument identifies no conduct by the trial court that meets the definition of an abuse of discretion.

We often remind litigants that "an abuse of discretion is not merely an error of judgment . . . ." *Commonwealth v. Santos*, 176 A.3d 877, 882 (Pa. Super. 2017). An abuse of discretion can be three things: (1) the overriding or misapplication of the law, (2) the exercise of judgment that is manifestly unreasonable, or (3) bias, prejudice, ill-will, or partiality, as shown by the evidence of record. *See id.*

Hunter does not contend that any of these three things occurred. He does not claim the trial court overrode or misapplied the law of challenges for cause. Nor does he allege bias, prejudice, or ill will against the trial court. He likewise does not contend that the decision was arbitrary, such that it was a manifestly unreasoned judgment. Instead, Hunter asserts that "It goes without saying that the last person that should have been serving on the jury was someone who was themselves a victim of recent domestic abuse, let alone someone who was hospitalized as a result of the incident." Hunter's Brief at

- 3 -

12. He then says it "was patiently evident . . . that Juror 12 was not comfortable serving on the case" and that "the judge should not have pursued the inquiry any further . . . ." *Id.* at 15.

But the trial court did pursue the matter further, and Hunter did not object to the court's additional questioning.[3] Following that inquiry, the court explained why it would not strike the potential juror for cause. *See* N.T., 11/4/19, *supra*. The court believed the juror's statements that she could set aside her past and weigh the evidence without passion or prejudice. Therefore, Hunter is mistaken when he asserts that the trial court denied his motion to strike "for reasons unexplained in the record . . . ." Hunter's Brief at 15. Rather than explaining why this holding was manifestly unreasonable, Hunter asks us to substitute our judgment for that of the trial court. He therefore approaches this issue as if our standard of review was *de novo*. It is not. *See Shinal*, *supra*.

Hunter does not develop any argument that the trial court abused its discretion when it denied his motion to strike. Thus, he fails to persuade this Court that a discretionary abuse has occurred.

Judgment of sentence affirmed.

---

[3] *Voir dire* procedures are beyond our scope of review if a party fails to object to the alleged irregularity. ***Trigg v. Children's Hospital of Pittsburgh of UPMC***, 229 A.3d 260 (Pa. 2020) (dismissing as waived a claim that this Court should not defer to a trial court's refusal to strike a juror for cause, because appellant failed to object to the local practice of having court clerks, rather than a judge, preside at *voir dire*). Here, Hunter has waived any claim that the court should not have questioned this potential juror further, because he made no objection to the additional questioning at *voir dire*.

J-S48002-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/08/2020